a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| VARSHA LNU #A226-164-647, Petitioner | CIVIL DOCKET NO. 6:26-CV-02636 SEC P |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| SOUTH LOUISIANA I C E PROCESSING CENTER, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

# REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Varsha Lnu ("Lnu"), an immigration detainee at the South Louisiana ICE Processing Center in Basile, Louisiana. Lnu seeks release from detention.

Because Lnu fails to state a viable claim for habeas relief under § 2241, the Petition (ECF No. 1) should be DENIED and DISMISSED WITHOUT PREJUDICE.

## I. Background

Lnu is a native and citizen of India who was ordered removed on February 17, 2026. ECF No. 1 at 6. Lnu did not appeal, so the removal order became final 30 days later, when the time to appeal expired. 8 CFR § 1241.1(c).

## II. Law and Analysis

Under § 1231, the Government generally has 90 days to remove an alien after an order of removal becomes final. *See* 8 U.S.C. § 1231(a)(1)(A). And during that 90-day removal period, the Government must detain the alien. 8 U.S.C. § 1231(a)(2)(A).

Section 1231 permits detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). In fact, detention for up to six months is "presumptively reasonable." *Id.* Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release the alien. *Id.; see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures).

Because the removal order became administratively final on March 17, 2026, Lnu remains within the six-month presumptively reasonable detention period recognized in *Zadvydas*. And Lnu alleges no impediment to removal or reason why removal is not significantly likely to occur in the reasonably foreseeable future. Accordingly, Lnu's claim for release is premature.

## III. Conclusion

Because Lnu fails to state a viable claim for habeas relief under § 2241, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, August 6, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE